# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 25, 2011

Lyle W. Cayce
Clerk

No. 10-50701
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GREGORY WAYNE ANDERSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-669-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gregory Wayne Anderson appeals his sentence to concurrent 57-month prison terms for his guilty plea convictions for one count of importing marijuana into the United States from Mexico in violation of 21 U.S.C. § 952(a) and one count of possessing with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). The district court held him accountable for less than 100 kilograms of marijuana and sentenced him at the bottom of the resulting guideline range. Anderson challenges the drug quantity calculated by the district court, arguing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that there was insufficient evidence that he made a previous drug delivery to Colorado and regarding the type or amount of drugs he reportedly delivered at that time.

We give considerable deference to the district court's factual findings, such as the quantity of drugs attributable to a defendant for purposes of U.S.S.G. § 2D1.1, reversing them only if they are clearly erroneous. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). A district court may rely on the information in a presentence report (PSR) in the absence of rebuttal evidence. *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009). "Mere objections do not suffice as competent rebuttal evidence." *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998). Anderson offered nothing more than his unsworn assertions through counsel disputing the PSR's account of what he told federal agents regarding his earlier drug delivery. He failed to rebut the PSR's account, which was corroborated by a receipt and by border crossing records. *See id.* Because the two trips occurred within a five-day period and involved Anderson driving the same vehicle into El Paso and then to Colorado in order to deliver drugs in exchange for cash, the district court did not clearly err in finding that they constituted part of a common scheme or plan. *See United States v. Wall*, 180 F.3d 641, 644-45 (5th Cir. 1999); § 2D1.1 comment., (n.12); U.S.S.G. § 1B1.3, comment. (n.9(A).

In addition, the district court used a conservative estimate of the combined weight of the drugs that Anderson delivered. The similarity of the two crossings supports the district court's inference that a similar amount of drugs was involved in each case. *See United States v. Medina*, 161 F.3d 867, 875-77 (5th Cir. 1998). The district court's calculation of the amount of drugs is plausible in light of the record as a whole. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

AFFIRMED.